UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. EDMUND G. BROWN, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>             Plaintiff,<br><br>       v.<br><br>NATIONAL HIGHWAY AND TRAFFIC SAFETY ADMINISTRATION; DEPARTMENT OF TRANSPORTATION; and OFFICE OF MANAGEMENT AND BUDGET,<br><br>             Defendants. | No. 06-2654 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART AND ORDERING <u>IN CAMERA INSPECTION</u> |

## I. **INTRODUCTION**

Before the Court are cross-motions for summary judgment by the Plaintiff People of the State of California <u>ex</u> <u>rel.</u> Edmund G. Brown, Attorney General of the State of California ("California" or "Plaintiff") and Defendants National Highway and Traffic Safety Administration ("NHTSA"), Department of Transportation ("DOT"), and the Office of Management and Budget ("OMB") (together "Defendants"). <u>See</u> Docket Nos. 33, 41.

1

1    The Motions, and a subsequent release of a document by the
2 DOT/NHTSA have narrowed the number of documents in dispute.  <u>See</u>
3 P's Reply (Docket No. 49) at 1; Docket Nos. 50, 51, 52.  Currently,
4 Plaintiff seeks the following three documents which the OMB has
5 withheld based on the deliberative process exemption:  Document
6 Nos. 8, 9, and 31.  <u>See</u> P's Reply at 2.  Plaintiff also seeks to
7 compel the OMB to produce, in an un-redacted form, the following
8 documents from which the OMB redacted non-responsive information:
9 Document Nos. A, E, 2, 13, 14, 15, 23, 26, and 27.  <u>See id.</u> at 6.
10    For the following reasons, the Court GRANTS Defendants' Motion
11 as it relates to Document Nos. A, E, 2, 13, 14, 15, 23, 26, and 27.
12 The Court RESERVES JUDGMENT on the Motions as they relate to
13 Document Nos. 8, 9, and 31, and ORDERS Defendant to provide the
14 Court with those documents within 14 days for an <u>in camera</u> review.
15
16 **II.  LEGAL STANDARD**
17    Summary judgment is proper "if the pleadings, depositions,
18 answers to interrogatories, and admissions on file, together with
19 the affidavits, if any, show that there is no genuine issue as to
20 any material fact and that the moving party is entitled to judgment
21 as a matter of law."  F.R.C.P. 56(c).
22
23 **III. DISCUSSION**
24    A.   <u>Documents Withheld on the Deliberative Process Exemption</u>
25    The Court orders the Defendants to provide the Court with
26 copies of Documents No. 8, 9, and 31, which the OMB withheld based
27 on the deliberative process exemption, exemption 5 of the Freedom
28
                                  2

of Information Act "FOIA".[1]

Defendants claim that these documents are a composite of fact and deliberation, from which the facts cannot be segregated. See Ds' Opp. at 4-5. Plaintiff responds that: 1) Defendants' have not met their burden to show that the documents are covered by the deliberative process exemption; and 2) assuming that some part of the documents is covered by this exemption, the factual information contained therein is segregable and the documents should, at the very least, have been produced with only the deliberative sections redacted. See P's Mot. at 11-13.

The Ninth Circuit has stated:

> To qualify for exemption 5 under the "deliberative process" privilege, a document must be both (1) "predecisional" or "antecedent to the adoption of agency policy" and (2) "deliberative," meaning "it must actually be related to the process by which policies are formulated."

Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1117 (9th Cir. 1988).

In a case such as this where the agency claims a document contains both factual information and deliberation, the ultimate question is "whether the document in question was part of the deliberative process." Id. at 1118. Once it has concluded that the document was part of the deliberative process, a court must determine through "such a 'process-oriented' inquiry" whether revelation of "even the factual information would reveal an agency's decision-making progress." Id. at 1119 (internal

---

[1] "[I]nter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5)

1  quotations omitted).  Such can be the case "[w]here either the
2  disclosure of the manner of selecting or presenting facts would
3  expose the deliberative process, or where facts are inextricably
4  intertwined with policy-making processes."  Id. (internal
5  quotations omitted).
6      "[W]here the government sustains its burden by way of
7  testimony of affidavits," a court should make its determination
8  whether a claimed exemption applies on the basis of such
9  submissions.  Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d
10 1072, 1079 (9th Cir. 2004).  However, when such submissions are
11 inadequate, "[d]istrict courts have discretion to order in camera
12 inspection of the actual documents the government wishes to
13 withhold."  Id.
14     The affidavits which Defendants submitted are not adequate.
15 See Kim Decl., Ex. A at 16, 25; Morrall Decl., ¶ 18.  The Morrall
16 Declaration states generally that revelation of the factual
17 information would reveal the decision-making process because it
18 would show which facts the author determined were important.  See
19 id.  However, none of the affidavits explain why this is the case.
20 This is not sufficient.  It is the Court that must determine
21 whether "the disclosure of the manner of selecting or presenting
22 facts would expose the deliberative process," Nat'l Wildlife Fed'n,
23 861 F.2d at 1119, not Defendants.
24     B.   Documents with Non-Responsive Information Redacted
25     Defendants' redaction of non-responsive information was
26 proper.  An agency has no obligation to produce information that is
27 not responsive to a FOIA request.  See generally U.S. v. Catholic
28
                                 4

1  Healthcare West,445 F.3d 1147, 1153 (9th Cir. 2006).  Thus, there
2  are no grounds for ordering the OMB to produce Document Nos. A, E,
3  2, 13, 14, 15, 23, 26, and 27 in an un-redacted form.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment as it relates to Document Nos. A, E, 2, 13, 14, 15, 23, 26, and 27.  The Court RESERVES JUDGMENT on the Motions as they relate to  Document Nos. 8, 9, and 31, and ORDERS Defendant to provide the Court with those documents within 14 days for an in camera review.

IT IS SO ORDERED.

Dated: May 8, 2007

_____
UNITED STATES DISTRICT JUDGE