1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8

9                                    )
                                     )
10    PEOPLE OF THE STATE OF CALIFORNIA )
      ex rel. EDMUND G. BROWN, ATTORNEY )   No. 06-2654 SC
11    GENERAL OF THE STATE OF CALIFORNIA,)
                                     )
12         Plaintiff,                 )
                                     )
13                                    )   ORDER GRANTING
                                     )   DEFENDANTS' MOTION
14         v.                         )   FOR SUMMARY JUDGMENT
                                     )   AS IT RELATES TO
                                     )   DOCUMENTS 8, 9, AND
15    NATIONAL HIGHWAY AND TRAFFIC    )   31_____
      SAFETY ADMINISTRATION; DEPARTMENT )
16    OF TRANSPORTATION; and OFFICE OF )
      MANAGEMENT AND BUDGET,          )
17                                    )
           Defendants.               )
18    _____)

19

20    I.   **INTRODUCTION**

21         Before the Court is the unresolved portion of the Motion for

22    Summary Judgment brought by Defendants National Highway and

23    Traffic Safety Administration ("NHTSA"), Department of

24    Transportation ("DOT"), and the Office of Management and Budget

25    ("OMB") (together "Defendants").  See Docket Nos. 33, 53.

26         On May 8, 2007, the Court denied Plaintiff's Motion for

27    Summary Judgment, granted Defendants' Motion for Summary Judgment

28    in part, reserved judgment as to Documents 8, 9, and 31, and

United States District Court
For the Northern District of California

ordered OMB to submit those Documents to the Court for <u>in</u> <u>camera</u> inspection.  <u>See</u> Docket No. 53.  OMB submitted the documents to the Court on May 22, 2007.  <u>See</u> Docket No. 54.  For the following reasons, after reviewing the three documents, the Court hereby GRANTS Defendants' Motion as it relates to Documents 8, 9, and 31.

**II.  <u>LEGAL STANDARD</u>**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

**III.  <u>DISCUSSION</u>**

A.   <u>The Deliberative Process Exemption</u>

OMB withheld Documents 8, 9, and 31 based on exemption 5 of the Freedom of Information Act ("FOIA"), which allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

The burden of proving that specific documents are exempt is on OMB.  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>Maricopa Audubon Soc'y. v. U.S. Forest Serv.</u>, 108 F.3d 1089, 1092 (9th Cir. 1997).  The Ninth Circuit has stated:

> To qualify for exemption 5 under the "deliberative process" privilege, a document must be both (1) "predecisional" or "antecedent to the adoption of agency policy" and (2) "deliberative," meaning "it must actually be related to the process by which policies are

United States District Court

For the Northern District of California

formulated."

Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1117

(9th Cir. 1988).   Where, as here, the government agency fails to

sustain its burden through affidavits, the district court may

order in camera inspection of the documents in question.   See Lion

Raisins, Inc. v. U.S. Dept. of Agric., 354 F.3d 1072, 1079 (9th

Cir. 2004); Maricopa Audubon Soc'y, 108 F.3d at 1093 n.2.

     B.   Documents 8 and 9

     Documents 8 and 9 are exempt from production.   Both documents

contain email messages authored by OMB staff members, discussing

draft regulations.   See Kim Decl. Ex. A at 16.   Both documents are

predecisional.   They were prepared prior to the final publication

of the Corporate Average Fuel Economy ("CAFE") rule in the Federal

Register on April 6, 2006.   See id.; Morall Decl. ¶ 4.   Further,

both are deliberative, in that they discuss changes to the

proposed regulations.   As indicated in Defendants' Vaughn index,

Document 9 includes Document 8, which includes Documents 3-7.[1]

See Kim Decl. Ex. A at 15-16.   Plaintiffs do not challenge that

Documents 3-7 fall within exemption 5.   See P's Mot. for Summary

J.; P's Opp'n to D's Mot. for Summary J.   (Docket Nos. 41, 47).

The Court therefore focuses its inquiry on the final communication

in each document.   Each is a message from one OMB staff member to

another, discussing the status of the draft regulations.

Disclosure of the contents of these documents could expose OMB's

---

[1]   Documents 3-9 on the Vaughn index appear to be a chain of
email messages, each of which includes the text of the previous
messages in the reply.

United States District Court
For the Northern District of California

decision-making process "in such a way as to discourage candid discussion within the agency."  See Maricopa Audubon Soc'y, 108 F.3d at 1094-95 (quoting Assembly of the State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916 (9th Cir. 1992)).

C.   Document 31

Document 31 is also protected by exemption 5.  This document is an August 25, 2005 email message sent by an OMB staff member discussing the reactions of various stakeholders to the proposed regulation.  See Kim Decl. Ex. A at 25.  As it was prepared prior to the entry of the final CAFE regulation, it is predecisional. See Morall Decl., ¶ 4.  Document 31 is also deliberative.  Based on the description of Document 31 in Defendants' Vaughn index, Plaintiff suggests that the document contains only "factual information conveyed to agency staff" and therefore cannot qualify for the exemption.  See P's Opp'n at 7.  Although the description on the Vaughn index lacks detail, this is excusable, as Defendants are not required to disclose on that index the very information they are trying to protect.  See, e.g., Wolfe v. Dep't of Health & Human Servs., 839 F.2d 768, 771 n.3 (D.C. Cir. 1988)(en banc); Maricopa Audubon Soc'y, 108 F.3d at 1093 ("Indeed, we doubt the agency could have introduced further proof without revealing the actual contents of the withheld materials.").  The discussion of stakeholder reactions in Document 31 includes opinions about the significance of the reactions, opinions about what stakeholders might do or say, and what effect those reactions may have on the pending draft regulation.  Disclosing this information would almost certainly expose OMB's decision-making process, which

4

exemption 5 is meant to protect.  See <u>Maricopa Audubon Soc'y</u>, 108

F.3d at 1094-95.

**IV.   <u>CONCLUSION</u>**

    For the foregoing reasons, the Court GRANTS Defendants'

Motion for Summary Judgment as it relates to Document Nos. 8, 9,

and 31.  The parties shall bear their own costs.


    IT IS SO ORDERED.


    Dated: June 12, 2007



                                    _____
                                    UNITED STATES DISTRICT JUDGE